IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| HARRY BARTHOLOMEW BULLSHOWS, SR., <br><br> Plaintiff, <br><br> vs. <br><br> BIG HORN COUNTY DISTRICT COURT, and DISTRICT ATTORNEY JAY HARRIS, <br><br> Defendants. | CV-23-50-BLG-SPW-KLD <br><br> ORDER |

Plaintiff Harry Bartholomew Bullshows, Sr., filed a Complaint (Doc. 2), pursuant to 42 U.S.C. § 1983, alleging Defendants violated his rights by not removing the prosecuting attorney at his state court sentencing. (Doc. 2 at 7.) The Complaint fails to state a claim upon which relief can be granted and will be dismissed.

I.   BACKGROUND

Plaintiff Bullshows is currently incarcerated at Crossroads Correctional Center in Shelby, Montana, but the events at issue in his Complaint occurred in Big Horn County, Montana, in April 2019. (Doc. 2 at 5 and 7.) He names as Defendants Big Horn County District Court and District Attorney Jay Harris.

Bullshows asserts that he asked his attorney in his state criminal proceeding

1

to have Defendant Jay Harris "removed" from his sentencing because Harris was biased against him and had been the district attorney on a previous prosecution of Bullshows. He asks this Court to restore his lost wages and dismiss his state criminal case. (Doc. 2 at 8.)

## II.  SCREENING STANDARD

Bullshows is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to

2

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed.R.Civ.P.

3

8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III. SCREENING ANALYSIS

Bullshows' Complaint fails to state a claim for relief under federal law for the following reasons. First, prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430–31.

Bullshows has alleged no facts that would undermine Harris' immunity. He has alleged nothing, in fact, regarding Harris' own actions. The only facts alleged are that Bullshows asked his attorney to get Harris removed, and Harris was not removed. That shows nothing about any improper motivation or bias on the part of Harris. But even so, any bias or even malicious intent by Harris would not void his

prosecutorial immunity. *Broam*, 320 F.3d at 1028-29 (9th Cir. 2003)

Of course, "[p]rosecutorial immunity only protects the defendants from [§] 1983 damage claims; it does not protect them from suits for injunctive relief." *Gobel v. Maricopa Cnty.*, 867 F.2d 1201, 1203 n.6 (9th Cir. 1989), *abrogated on other grounds by City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). But Bullshows' request for injunctive relief here, in the form of his charges being dismissed, runs right into the second reason he does not state a claim in this Court. The Court has no authority to invalidate a state court judgment or sentence on a § 1983 claim, due to various considerations of the balance between state and federal courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Heck v. Humphrey*, 512 U.S. 477 (1994). The facts alleged in Bullshow's Complaint show that Bullshows is asking this Court to review and modify the state's court's decision, which it will not do.

Finally, there is simply no federal right that requires a state prosecutor to withdraw from a prosecution based on an asserted conflict of interest. The Sixth Amendment protects Bullshows right to his own unconflicted counsel. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984). But no constitutional provision mandates the same from the prosecution. Any defects in Bullshows' trial and sentencing that may have manifested such a conflict would be open to review on appeal and postconviction relief. Such defects are not reviewable here.

5

Normally the Court would allow Bullshows the opportunity to attempt to amend his Complaint, because "[u]nless it is absolutely clear that no amendment can cure the defect … , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *see also Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc); *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015). In this case, amendment could not cure the defects in Bullshows' Complaint.

Accordingly, the Court issues the following:

### ORDER

1. Bullshows's Complaint is DISMISSED for failure to state a claim. The Clerk of Court is directed to enter judgment and close the matter.

2. Bullshows' filing of this Complaint counts as a strike against him within the meaning of 28 U.S.C. § 1915(g).

DATED this 1st day of May, 2023.

Susan P. Watters
United States Magistrate Judge